# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VICKIE MILLER,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　*Defendant*. | Removed from the Third Judicial Circuit of Michigan, Wayne County<br>No. 23-015016-CD<br><br><br>Civil Action No. _____ |

## DEFENDANT FORD MOTOR COMPANY'S
## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel of record and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, removes this state-court action to the United States District Court for the Eastern District of Michigan. The action was originally filed as Case No. 23-015016-CD, *Vickie Miller v. Ford Motor Company*, in the Third Judicial Circuit of Michigan, Wayne County.

1

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being served upon all other parties and is attached to the Notice of Removal of Action to the Federal Court being filed with the Clerk of the Third Judicial Circuit of Michigan, Wayne County. Ford states the grounds for removal below.[1]

---

[1] By filing this Notice of Removal, Ford does not waive, and reserves, all objections as to venue, personal jurisdiction, and the legal sufficiency of the claims asserted in this action, as well as all other objections and defenses. Ford reserves the right to supplement or amend this Notice of Removal.

2

**Background**

1. On November 17, 2023, Plaintiff Vickie Miller filed this lawsuit in the Third Judicial Circuit of Michigan, Wayne County, under the caption *Vickie Miller v. Ford Motor Company*, Case No. 23-015016-CD.

2. Plaintiff alleges that she faced retaliation for protected activity under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601; Compl. at ¶¶ 53–59. She also alleges that she faced age and race discrimination, a hostile work environment, and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws Ann. §§ 37.2103(k)(iii), 37.2202(1)(a), and 37.2701 (West); Compl. at ¶¶ 32–52.

3. Ford received service of the Complaint on November 30, 2023, through its registered agent, The Corporation Company. A copy of the Summons and Complaint are attached as Exhibit A.

4. Ford denies any liability as to Plaintiff's claims, and expressly reserves all rights in this regard. For purposes of meeting the jurisdictional requirements for removal only, and as set forth in greater detail below, Ford submits that this action satisfies the requirements of 28 U.S.C. § 1331 because it includes a federal cause of action.

**Grounds For Removal**

5. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331. That statute vests this Court with jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "A complaint arises under federal law if it . . . states a federal cause of action." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010). Count V of Plaintiff's Complaint asserts claims under the FMLA, a federal statute. *See* Compl. ¶¶ 53–59; 29 U.S.C. § 2601. Plaintiff's Complaint, therefore, includes a claim arising under federal law and the action is removable under 28 U.S.C. § 1441(a).

6. Because this Court has original jurisdiction over this action, it also has supplemental jurisdiction over the Michigan state law claims at issue. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Plaintiff alleges that she was removed from the joint apprenticeship program at Ford as a result of discrimination and retaliation in violation of the ELCRA and the FMLA. Plaintiff's state law claims are therefore so related to the claim in the action within this Court's original jurisdiction that they form part of the same case or controversy because they "revolve

around a central fact pattern." *Obeid v. Meridian Automotive Systems*, 296 F. Supp. 2d 751, 753 (E.D. Mich. 2003) (denying motion to remand Michigan Workers' Disability Compensation Act and Michigan Persons with Disabilities Civil Rights Act claims that were factually related to FMLA claim) (quoting *White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993)).

7. This Court has exercised supplemental jurisdiction over state law claims in cases involving similar claims. *See, e.g.*, *Garavaglia v. George P. Johnson Project: Worldwide, Inc.*, No. 20-CV-12714, 2023 WL 3826456, at *3 (E.D. Mich. June 5, 2023) (exercising supplemental jurisdiction over multiple claims brought pursuant to the ELCRA where Plaintiff also brought claims under the FMLA).

8. None of the circumstances under which the Court may decline to exercise supplemental jurisdiction are present here. *See* 28 U.S.C. § 1367(c). Plaintiff's state law claims do not "raise[] a novel or complex issue of State law," they do not "substantially predominate[] over" Plaintiff's federal claim, nor are there "exceptional circumstances" providing "compelling reasons for declining jurisdiction." *Id.* Accordingly, this Court should exercise its supplemental jurisdiction over Plaintiff's state law claims.

**Timeliness**

9. Ford received service of the Complaint on November 30, 2023. Ford is seeking removal within 30 days of that date. Accordingly, this Notice of Removal

5

is timely filed. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (removal clock starts running on the date of service of "summons and complaint" or "receipt of the complaint . . . after and apart from service of the summons").

## Procedural Requirements

10. In accordance with 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and other papers served on Ford in the state-court action are attached to this Notice as Exhibit A.

11. Venue is proper in this Court and Division under 28 U.S.C. § 1441(a) because Plaintiffs' state-court action is pending in the Third Judicial Circuit of Michigan, Wayne County, which is located in this district and division.

12. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this Notice as Exhibit A. Ford has not yet answered the Complaint.

13. Pursuant to 28 U.S.C. § 1446(d), Ford is providing prompt written notice of removal to Plaintiff, and a Notice of Filing of Notice of Removal, together

with a copy of this Notice of Removal, will be filed with the Clerk of the Third Judicial Circuit of Michigan, Wayne County.

| | |
|---|---|
| December 27, 2023 | Respectfully submitted via ECF, |

<u>/s/ Reginald G. Dozier</u>
Reginald G. Dozier (P38054)
Lewis & Munday, PC
220 Congress Street, Suite 500
Detroit, Michigan 48226
(313) 961-2550
rdozier@lewismunday.com

*Attorney for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

I certify that on December 27, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.  I certify that I have also caused to be mailed by electronic mail and United States Postal Service the foregoing document to the following:

    Hannah R. Fielstra
    Kevin S. Ernst
    645 Griswold St.
    Suite 4100
    Detroit, MI 48226
    Phone: (313) 965-5555
    hannah@ernstlawplc.com
    kevin@ernstlawplc.com

    */s/ Reginald G. Dozier*
    Reginald G. Dozier (P38054)
    Lewis & Munday, PC
    220 Congress Street, Suite 500
    Detroit, Michigan 48226
    (313) 961-2550
    rdozier@lewismunday.com